THE CITY OF SCHENECTADY, Appellant, *v.* CATHERINE A. FURMAN and Another, as Executors, etc., of ROBERT FURMAN, Deceased, Respondents.

*City of Schenectady — the notice by the common council thereof to an owner, of work to be performed at his expense, is jurisdictional — waiver thereof.*

On April 16, 1889, the common council of the city of Schenectady passed a resolution declaring that there were obstructions and deposits in a certain creek, designating the grade and width of the same, and directing the owner to dredge the creek to the channel designated thereby. A notice of such resolution was published five days, as required by the city charter, and on April twenty-third it was confirmed. On May seventh the common council amended such resolution, without any additional notice, at the request of such owner, but not in his presence.

Such owner, who was not informed of the extent of the proposed modification or of the time when the common council would meet to act on the same, objected to the modification as made and gave notice before the work was done that he would not pay for it.

*Held,* that the notice of five days required by the provisions of the charter of the city was jurisdictional, and that when the common council had once acted they could not change the resolution without again giving the required notice;

That such owner was not estopped, by his request for a modification of the first resolution, from denying his liability to pay for the work done under the modification thereof.

APPEAL by the plaintiff, The City of Schenectady, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 31st day of July, 1893, upon the decision of the court rendered after a trial at the Schenectady Circuit dismissing the plaintiff's complaint.

*S. W. Jackson,* for the appellant.

*Robert J. Landon,* for the respondents.

PER CURIAM:

This case was before this court at a former term on an appeal from a judgment in favor of the plaintiff, which was reversed, and a new trial ordered by this court (61 Hun, 171).

Some of the questions raised and discussed on that appeal, and which were ruled adversely to the contention of the plaintiff and appellant, appear apparently in the same form on this appeal.

The facts upon which the common council assume jurisdiction and authority to do work for which the defendant is sought to be charged in this action, appear to be substantially the same in both trials and on both appeals.

If these facts as proved on the former trial did not confer jurisdiction on the common council of the plaintiff to do the work for which the defendant is sought to be charged in this action, then the same jurisdictional defect exists on the second trial. On the 16th of April, 1889, the common council passed a resolution declaring that there are obstructions and deposits in Mill creek, designating the grade and width of the same, and declaring that to be the natural and normal channel and grade of the creek, directing the owner to dredge the creek to the channel so designated. A notice of this resolution was published five days, and on the twenty-third day of April the same was confirmed. On the seventh day of May thereafter the common council amended the resolution so confirmed without any additional notice, upon the request of the defendant, but not in his presence, and it does not appear that he dictated the extent of reducing the amount of work required in the resolution confirmed on the sixteenth of April.

There was no proof on the first trial that this modification of the first resolution was made at the request of the defendant, and it is now insisted that the request was a waiver of any notice required by section 61 of the charter, added by section 6 of chapter 97 of 1889, and that the defendant is estopped on this trial by that request.

Within the decision of the General Term on the former appeal, we cannot agree with the plaintiff in that contention.

In discussing the effect of this modification made on the seventh of May, LEARNED, J., says: " It will be seen that the resolution of July 9th directed the superintendent to do this work under the resolutions of April 16th, April 23d and May 7th. The superintendent testified that he did the work under the resolutions as amended. It does not lie with the plaintiff to say, therefore, that the amendatory resolution of May 7th was of no effect. The plaintiff held it as valid, and the work was done accordingly."

Now, section 61, above mentioned, is explicit on this point. After the common council has passed a resolution of this kind, it must give five days' notice, and at the time and place mentioned " in

such notice ⁂ ⁂ ⁂ shall hear all parties interested ⁂ ⁂ ⁂ and after such hearing shall again consider such ordinance, and may confirm, modify or rescind the same. No such ordinance or resolution shall create any duty or obligation until it shall be confirmed or modified as aforesaid."

The common council did on the twenty-third day of April, confirm that resolution. They then, on the seventh day of May, amended it without notice to the party interested. This they had no right to do. All their subsequent action was based upon that amendment. They did not cause the alleged obstruction and deposit to be removed, according to the resolution of April twenty-third, but according to that of May seventh.

There is no force in saying that the resolution of May seventh diminished the amount to be removed. The parties interested had a right to be heard as to the matter. They might have good reason for desiring that the resolution of April twenty-third be carried out. The plaintiff cannot argue that the defendant was not injured by the change. The notice of five days was jurisdictional; when the common council had acted they could not change the resolution, at least not without again giving the required notice.

This was once determined by this department to be the law of this case, and we cannot now, without overruling a former determination of this court, adopt a different rule. Nor do we see any reason to question the soundness of the views expressed by Justice LEARNED, above quoted. When the common council had once acted upon a notice which, under the statute, conferred jurisdiction upon them to act in a given manner, their powers were spent, and they could not again resume them without again giving the statutory notice to those over whose persons or property they can acquire jurisdiction, only in the way pointed out by statute.

Nor can we hold that the defendant is estopped by the request made for a modification. He was not informed of the manner or extent of the proposed modification or of the time when the common council would meet to act on the same. He objected to the modification as made, and gave notice to the superintendent, before the work was done, that he would not pay for the same.

·If we are right in our construction of the previous determination of this court then the plaintiff is met at the threshold of this case

by an insuperable objection to a recovery, and the consideration of the other questions in the case are unnecessary.

The judgment must be affirmed, with costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.